## MANDEL et al. v. SEEBERGER, Collector of Customs.

(Circuit Court, N. D. Illinois. July 18, 1889.)

CUSTOMS DUTIES—CLASSIFICATION.

Merchandise invoiced as "onyx columns, vases, and candelabras," and known by dealers in marble and similar material as "onyx marble" or "onyx," and for which no specific duty is provided in the customs law, is assessable as "manufactures of marble" for a duty of 50 per cent. *ad valorem*, under Rev. St. U. S. § 2499, providing that a non-enumerated article, bearing a similitude to any enumerated article, shall be dutiable at the same rate as the enumerated article, and if resembling two or more enumerated articles, chargeable with different rates of duty, the non-enumerated article is dutiable at the same rate as the article which it resembles paying the highest duty.

At Law.

Action by Leon Mandel and others against Anthony F. Seeberger, collector of customs, to recover excess duty levied upon certain merchandise imported by them.

*Shuman & Defrees,* for plaintiffs.

*W. G. Ewing,* U. S. Dist. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

BLODGETT, J. Plaintiffs imported certain merchandise into the port of Chicago which was described in the invoice as "onyx columns, vases, and candelabras," which merchandise the collector classed as "manufactures of marble," and assessed thereon a duty of 50 per cent. *ad valorem,* under clause 468 of Heyl's Arrangement of the Customs Act of March 3, 1883. Plaintiffs contended that the goods in question were dutiable at 20 per cent. *ad valorem,* under section 2513 of said act, as "articles wholly manufactured, not otherwise provided for," and insisted that they were justified in so claiming by the decision of the secretary of the treasury of September 28, 1887. An appeal was taken to the secretary of the treasury from the classification and assessment upon the goods in question by the collector, by whom the action of the collector was affirmed. The duties so assessed were paid under protest, and plaintiffs brought this suit in apt time to recover the difference between the duties so assessed and the 20 per cent. which they claim should have been the duty on said goods.

It is admitted by the plaintiffs, and the proof shows, that the goods in question are not manufactures of the "onyx" which is known and spoken of as among the gems and precious stones, and usually classed with agates, carnelians, and chalcedonys, but is a stalagmitic formation of lime, resembling, in its chemical composition, and in its structure, the finer varieties of marble. It is known by those dealing in it under the name of "onyx marble," and mainly for brevity, evidently, is often described in the circulars, invoices, and advertisements of dealers in marble and similar materials as "onyx;" the word "onyx," as applicable to this material, being evidently a fanciful or arbitrary name, suggested, probably, by the peculiar veinings and colorings of the stone.

I find in the Imperial Dictionary (volume 3, p. 390) the article defined as follows:

"*Onyx marble*—a very beautiful, translucent limestone of stalagmitic formation, discovered by the French in the province of Oran, Algeria, and first brought into notice at the London Exhibition of 1862. It is used for the manufacture of ornamental articles."

In volume 15 of the ninth edition of the Encyclopedia Britannica, article "Marble," p. 529, this material is spoken of as follows:

"One of the most beautiful stalagmitic rocks is the so-called onyx marble of Algeria. * * * Large deposits of a very fine onyx-like marble, similar to the Algerian stone, have been worked of late years at Tecali, about 35 miles from the City of Mexico. Among other stalagmitic marbles, mention may be made of the well-known Gibraltar stone. * * * This stalagmite is much deeper in color and less translucent than the onyx marbles of Algeria and Mexico."

And in volume 17 of the same edition of the Encyclopedia Britannica, (page 777,) after describing the onyx from which cameos, etc., are cut, it is said:

"While one of them was the true onyx of modern mineralogists, as described above, the other was merely a stalagmitic variety of carbonate of lime, a mineral much softer, less precious, and much more widely distributed than the chalcedonic onyx, yet resembling it in so far as it also presents a parallel banded structure. This mineral is known as 'onyx marble.'"

The proof shows that the material from which the goods in question are manufactured is used for substantially the same purposes as the finer kinds of marble. Its chemical composition is almost identical with that of the statuary marbles, and its general use is in the manufacture of mantels, table tops, clock cases, pedestals or columns, and, in fact, all varieties of ornamental articles which have been usually manufactured of the finer varieties of marble.

There is no specific provision in the customs law for a duty upon "onyx" or "onyx marble," but the proof shows that the onyx from which cameos are cut, and which is treated and considered as a gem, is classed for duty by the custom-house authorities among the "precious stones," (480, Heyl,) at a duty of 10 per cent. *ad valorem;* and that articles similar to the goods in question, manufactured of marble, are classed as manufactures of marble not specially enumerated or provided for, etc., under clause 468, Heyl, and assessed for duty at 50 per cent. *ad valorem.* There being no specific duty upon "onyx marble," as such, or articles manufactured therefrom, I am very clear that the collector rightfully classed the goods in question as a manufacture of marble, and assessed them for duty at 50 per cent. *ad valorem,* under the assimilating clause, (section 2499, Rev. St.,)[1] as, if not actually marble, the material more nearly resembles marble in its composition than it does any other material, while the manufactured goods in their uses are almost identical with manufactures of marble. The issue is therefore found for defendant.

---

[1] Rev. St. U. S. § 2499: There shall be levied, collected, and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this title, as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles, on which different rates of duty are chargeable, there shall be levied, collected, and paid on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty; and on all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which any of its component parts may be chargeable.